No. 23-3609

# IN THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

LISA BLAIR

*Plaintiff-Appellant*

v.

MICHELLE FRENCHKO, et al.

*Defendants-Appellees*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO, CASE NO. 4:22-CV-01192

## PRINCIPAL BRIEF OF APPELLANT LISA DeNUNZIO BLAIR

Dennis R. Fogarty (Ohio #0055563)
Ryan J. Kun (Ohio #0102526)
**DAVIS & YOUNG**
35000 Chardon Rd., Suite 100
Willoughby Hills, OH 44094
Telephone: (216) 348-1700
Facsimile: (216) 621-0602
Email: dfogarty@davisyoung.com
       rkun@davisyoung.com
Counsel for Appellant

# **TABLE OF CONTENTS**

TABLE OF CONTENTS................................................................................ ii

TABLE OF AUTHORITIES ......................................................................... iii

STATEMENT IN RE: ORAL ARGUMENT ................................................1

JURISDICTIONAL STATEMENT ...............................................................1

STATEMENT OF THE ISSUES ...................................................................1

STATEMENT OF THE FACTS and CASE ..................................................1

SUMMARY OF ARGUMENT ......................................................................6

LAW & ARGUMENT ....................................................................................6

I.     Legal standards ..................................................................................6

II.    The District Court erred in granting Appellees' Motion for Judgment on the Pleadings because the Commissioners are liable for Frenchko's actions undertaken in her capacity as a commissioner ..........................7

CONCLUSION ............................................................................................. 10

CERTIFICATE OF COMPLIANCE............................................................. 11

CERTIFICATE OF SERVICE ..................................................................... 12

ADDENDUM ................................................................................................13

# TABLE OF AUTHORITIES

**Cases**                                                                                                                              **Pages(s)**

*Bates v. Green Farms Condo. Ass'n,* 958 F.3d 470, 480 (6th Cir. 2020)........6

*Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ......................7

*Clanton v. Orleans Par. Sch. Bd.,* 649 F.2d 1084, 1094 (5th Cir. 1981) ........8

*Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.,* 508 F.3d 327, 336 (6th Cir. 2007) ...............................................................................................................7

*Conant v. Delaware Cnty. Bd. of Cnty. Comm'rs*, No. 2:10-CV-221, 2011 WL 4383444, at *7 (S.D. Ohio Sept. 19, 2011) ..............................................8

*Daniels v. Pike Cnty. Comm'rs,* No. 2:15-CV-408, 2015 WL 3823277, at *2 (S.D. Ohio June 19, 2015). ...............................................................................7

*Engler v. Arnold*, 862 F.3d 571, 574 (6th Cir. 2017) ......................................6

*Faber v. Seneca Cnty. Sheriff's Dep't*, 2018-Ohio-786, ¶ 8, 108 N.E.3d 213, 218.......................................................................................................................7

*Harvey v. Blake*, 913 F.2d 226, 228 (5th Cir.1990).........................................7

*Hindel v. Husted*, 875 F.3d 344, 346–47 (6th Cir. 2017) ................................7

*Kauffman v. Allied Signal, Inc., Autolite Div*., 970 F.2d 178, 183 (6th Cir. 1992) ...................................................................................................................7

## STATEMENT IN RE: ORAL ARGUMENT

Appellant does not believe oral argument is necessary to decide this case. The relevant facts are not in dispute. Therefore, Appellant believes this case can be decided on the record evidence and the Briefs of the parties.

## JURISDICTIONAL STATEMENT

The District Court's jurisdiction arose under 28 U.S.C. § 1331. (District Court's Memorandum Opinion and Order, RE 51, Judgment Entry, RE 52.) The court entered final judgment on June 28, 2023. Appellant Blair filed a notice of appeal on July 19, 2023. (Notice of Appeal, RE 53.) This Court has jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES FOR REVIEW

(1) Whether the District Court erred in granting Appellees' Motion for Judgment on the Pleadings based on the findings that the Trumbull County Commissioners cannot be held responsible for the actions taken by Nicole Frenchko in her official capacity as a Commissioner of Trumbull County.

## STATEMENT OF THE CASE AND FACTS

Plaintiff-Appellant Lisa DeNunzio Blair ("Blair") is an Italian American who was employed for Defendant Trumbull County Commissioners (the "Commissioners") as an assistant clerk since November

1

of 2018. (Plaintiff's First Amended Complaint, Doc # 24, Page ID 205.) On January 4, 2021, Defendant Michelle Nicole Frenchko ("Frenchko"), took office as a Trumbull County Commissioner. (Id.) Since her installment as a Commissioner, Frenchko has engaged in hostile and discriminatory conduct against Blair and other employees of Italian descent at the Commissioners office. (Id. at 205-208.)

During her term as Commissioner, Frenchko would make repeated derisive statements regarding Italian Americans, criticizing the fact that Trumbull County employed a great deal of Italians and repeatedly likening Italians to mafia type organized crime members. (Id. at 205.) On social media sites, Frenchko would make comments, calling Trumbull County employees "henchmen," "minions," and "hacks," and referred to the Trumbull County government as a "swamp" and her staff as "flying monkeys." (Id.) Furthermore, Frenchko would make derogatory comments specifically regarding Italian Americans working for Trumbull County, calling them "greasy," "sausage makers," and would refer to some employees in the Commissioner's office as being akin to Michael Corleone or Don Corleone from "The Godfather" movie. (Id. at 205-206.)

Due to Frenchko's hostile and discriminatory behavior, Blair and other employees complained to the Trumbull County Human Resources

Department. (Id. at 206.) The Human Resources Department began an investigation on Frenchko's behavior and interviewed several employees regarding her actions, including Blair. (Id.)

As a result of the complaints and the investigation, Frenchko began a campaign of harassment and retaliation against Blair and other employees in order to create an intolerable work environment in an effort to force Blair and others to resign from county employment. (Id.) Such harassment included the sending of harassing emails, cyber-bullying Blair and others on the internet, and publicly accusing Blair of being a liar. (Id.) Furthermore, during this time, Blair was seeking to become a permanent assistant clerk with the department, however, Frenchko intentionally voted no on Blair's application in retaliation for her report to human resources. (Id.) This occurring after Frenchko initially instructed Blair to apply for the position permanently in early 2021. (Id.)

Following the investigation on Frenchko, the Director of Human Resources for Trumbull County published the following findings:

> After interviewing, listening and comparing the statements given by these women, it is obvious to me these situations did occur. Many of the same items and concerns were reported by several women. … In my role as Director of Human Resources, I am disappointed in the lack of leadership skills shown by Commissioner Frenchko. From my viewpoint, if it were a department head or other management engaging in these obnoxious behaviors, disciplinary action would be warranted and applied. … The evidence from my investigation supports a claim of a hostile work environment.

3

(Id. at 207.)

After the yearlong abuse suffered by Frenchko, Blair followed by filing suit against Appellee-Defendant Frenchko and Appellee-Defendant Trumbull County Commissioners.

**Procedural History**

Appellant filed an initial Complaint on July 6, 2022, and an Amended Complaint on March 9, 2023. (Complaint and Amended Complaint, Doc #1, #24.) In her Amended Complaint, Appellant states several causes of action including: Discrimination Based on National Origin/Ancestry pursuant to Title VII Of the Civil Rights Act of 1964 (Count One), Defamation (Count Two), and Intentional Infliction of Emotional Distress (Count Three).

On April 6, 2023, Appellees-Defendants filed a Motion for Judgment on the Pleadings. (Defendants' Motion for Judgment on the Pleadings, Doc #31.) In their Motion, Appellees-Defendants argued that Appellant-Plaintiff failed to state a Title VII claim against either Frenchko or the Commissioners. Specifically, Appellees argued that Frenchko cannot be held liable under Title VII individually and that the Commissioners cannot be held liable for the actions of Frenchko because she was not an employee for the Commissioners. (Id.) On May 22, 2023, Plaintiff filed a Brief in Oppositions to Defendants' Motion. (Plaintiff's Brief in Opposition to Defendants' Motion for Judgment

4

on the Pleadings, Doc #45.) On May 30, 2023, Defendant Trumbull County Commissioners filed its Reply in Support for their Motion and Defendant Michelle Nicole Frenchko did the same on June 5, 2023. (Defendants' Reply Briefs in Support of their Motion for Judgment on the Pleadings, Doc #46, #47.)

On June 28, 2023, the District Court entered judgment in favor of Appellees-Defendants. (Order and Decision, Doc #51.) Appellant-Plaintiff now appeals the District Court's decision.

**District Court's Decision**

The District Court, in its decision, found that Appellant-Plaintiff has no claim for Title VII discrimination against the Commissioners. (Id. at PageID #331.) In its decision, the District Court determined that because the Commissioner board did not, as a whole, make discriminatory and hostile acts against Appellant-Plaintiff, and rather it was just one official of the three member board, the actions made by Frenchko are not of the Board. (Id. at PageID #333-334.) Furthermore, the District Court looked into whether Frenchko was an agent of the Commissioner in order to apply a theory of liability under respondeat superior. There, the District Court also determined that Frenchko was not an agent because the Commissioner board had no controlling authority over Frenchko. (Id. at PageID #334.)

5

# SUMMARY OF ARGUMENT

Appellant-Plaintiff's argument is that the District Court should have denied Appellees-Defendants' Motion for Judgment on the Pleadings in their favor on their claim that the Commissioners are not liable for the actions of Commissioner Frenchko. The District Court erred when it determined that Frenchko was not acting on behalf of the Commissioner board when she was committing acts of discrimination and hostility towards Appellant-Plaintiff and the District Court erred that Frenchko was also not an employee and/or agent of the Commissioners. The reason the District Court erred is because there is multiple case law from within this circuit, other circuit courts, and Ohio courts which have held that an entity (i.e. the Commissioners) are the liable party when their elected officials are sued in their official capacity. Additionally, the same case law finds that elected officials are **agents** for their entities, including commissioner board members when they act in their official capacity. Lastly, from a public policy standpoint, the ruling by the district court has effectively made it infeasible for an individual to have a Title VII claim as a public employee against their employer, hindering the purpose and scope of the statute.

# LAW & ARGUMENT

I. **Legal standards**

Courts of appeals review a district court's granting of a motion for judgment on the pleadings de novo. *Engler v. Arnold*, 862 F.3d 571, 574 (6th Cir. 2017). A motion for judgment on the pleadings generally follows the same rules as a motion to dismiss under Rule 12(b)(6). *Bates v. Green Farms Condo. Ass'n,* 958 F.3d 470, 480 (6th Cir. 2020). "To survive a Rule 12(c) motion, 'a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory.'" *Hindel v. Husted*, 875 F.3d 344, 346–47 (6th Cir. 2017) (quoting *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.,* 508 F.3d 327, 336 (6th Cir. 2007)).

**II.     The District Court erred in granting Appellees' Motion for Judgment on the Pleadings because the Commissioners are liable for Frenchko's actions undertaken in her capacity as a commissioner.**

Under Title VII, employer liability is determined based upon agency principles. *Kauffman v. Allied Signal, Inc., Autolite Div*., 970 F.2d 178, 183 (6th Cir. 1992). Courts have unanimously held that, under Title VII and Ohio law, elected officials are agents for their government entity and may be liable in their official capacity. "Only when a public official is working in an official capacity can that official be said to be an 'agent' of the government." *Harvey v. Blake*, 913 F.2d 226, 228 (5th Cir.1990). "The proper method for a plaintiff to recover under Title VII is by suing the employer, either by naming the supervisory employees as agents of the employer or by naming the employer

directly." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991). When doing so, the allegations are equivalent of suing the political subdivision itself. *Faber v. Seneca Cnty. Sheriff's Dep't*, 2018-Ohio-786, ¶ 8, 108 N.E.3d 213, 218. "'An official-capacity suit is, in all respects other than name, to be treated as a suit against the entity.'" *Daniels v. Pike Cnty. Comm'rs,* No. 2:15-CV-408, 2015 WL 3823277, at *2 (S.D. Ohio June 19, 2015).

Furthermore, relevant to this matter, courts have specifically applied the same logic to elected boards such as Appellee-Defendant. *See Conant v. Delaware Cnty. Bd. of Cnty. Comm'rs*, No. 2:10-CV-221, 2011 WL 4383444, at *7 (S.D. Ohio Sept. 19, 2011) ("suits against an individual in his or her official capacity are the equivalent of suits brought against the governmental entity itself, the Court deems all of the official capacity claims to be claims against the Board."); *Clanton v. Orleans Par. Sch. Bd.,* 649 F.2d 1084, 1094 (5th Cir. 1981) ("The defendants in their official capacities are proper defendants, since they are agents of the Board.").

The trial court, in their Opinion and Order, determined that the actions made by Frenchko, in her capacity as Commissioner, do not hold Appellees-Defendants liable because 1. The actions of Frenchko do not represent the actions of the Commissioners, and 2. Frenchko was not an agent of the

Commissioners to constitute respondeat superior liability. However, Frenchko was acting as an agent for the Commissioners when she acted in her official capacity. According to the pleadings, Frenchko, through the scope of her role as a commissioner, committed hostile acts of discrimination, ridicule, defamation, and harm to Appellant-Plaintiff. As a result, Appellant-Plaintiff sought relief and justice through Title VII. Since these acts are pled to have occurred through her official role as a commissioner, and therefore as an agent for the Trumbull County Commissioners, Appellant-Plaintiff has a viable Title VII claim.

Furthermore, if Frenchko is found to not be part of the traditional agency relationship, that is because Frenchko is the Commissioners. The Commissioners is a board made up of three elected officials. The actions taken by these officials are the actions of the Commissioners. They are one in the same. Therefore, when Frenchko was acting in her official capacity, discriminating against Appellant-Plaintiff, she was doing so as part of the Board.

Additionally, Appellant-Plaintiff acknowledges the fact that because Frenchko is an official, she cannot be held individually liable, but rather through her official capacity as a commissioner. That is the reason why

Appellee-Defendant Trumbull County Commissioners are the named defendant for the Title VII claim, and not Frenchko, herself.[1]

Appellant-Plaintiff has sought justice through all rightful means under Title VII. The ruling made by the District Court would essentially open the door for any elected official to discriminate against their employees and there would be no repercussions for said injustice. In its opinion, the District Court states that Appellant-Plaintiff could still seek relief through other means but fails to provide those options. Currently, Appellant-Plaintiff cannot have a Title VII claim against her employer in her individual capacity, or through her official capacity. What option is left? None.

The decision made by the District Court sets up a horrifying legal precedent opening a floodgate of legalized discrimination. Such a decision directly goes against the purpose of Title VII to protect our citizens from prejudice in the workplace, regardless if it occurs in a private or public office.

## **CONCLUSION**

For the reasons outlined above, Appellant-Plaintiff respectfully requests the District Court's decision be remanded.

---

[1] If it is determined that Appellant-Plaintiff erred in not naming Frenchko specifically as a defendant in her official capacity, the difference is immaterial. Appellant-Plaintiff acknowledges that Frenchko can only be sued in her official capacity which is why the Trumbull County Board of Commissioners are the named Defendant. As stated in the law provided, claims against an individual in their official capacity is the same as a claim against the entity. Therefore, if this error is deemed material, Appellant-Plaintiff asks that this Court remand this matter so that Appellant-Plaintiff may amend its pleadings to state Frenchko as a Defendant in her "official capacity."

10

Respectfully submitted,

*/s/ Dennis R. Fogarty*
Dennis R. Fogarty (Ohio #0055563)
Ryan J. Kun (Ohio #0102526)
DAVIS & YOUNG
35000 Chardon Rd., Suite 100
Willoughby Hills, OH 44094
Telephone: (216) 348-1700
Facsimile: (216) 621-0602
Email: dfogarty@davisyoung.com
rkun@davisyoung.com
Counsel for Appellant

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(C) and Circuit Rule 32-1, I certify that the foregoing Appellees' Principal Brief is proportionately spaced, has a typeface of 14 points or more, and contains 2,761 words, as calculated by the word processing program used to prepare the brief.

Dated: October 18, 2023

By: */s/ Dennis R. Fogarty*
Counsel for Appellant

# CERTIFICATE OF SERVICE

I hereby certify that I filed the foregoing Appellees' Principal Brief with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system on the 18th day of October, 2023.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

By: */s/ Dennis R. Fogarty*
Counsel for Appellant

# ADDENDUM

# DESIGNATION OF RELEVANT DOCUMENTS

| Description: | Record # | PageID# |
|---|---|---|
| Plaintiff's Complaint | 1 | 1 |
| Plaintiff's First Amended Complaint | 24 | 205 |
| Defendants' Motion for Judgment on the Pleadings | 31 | 232-246 |
| Plaintiff's Brief in Opposition to Defendants' Motion for Judgment on the Pleadings | 45 | 299-309 |
| Defendants Trumbull County Commissioners Reply Brief in Support of their Motion for Judgment on the Pleadings | 46 | 310-313 |
| Defendant Michelle Nicole Frenchko's Reply Brief in Support of the Motion for Judgment On the Pleadings | 47 | 314-322 |
| Opinion and Order Granting Defendants' Motion for Judgment on the Pleadings | 51 | 331-335 |