Appeal No. 23-3609

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

LISA BLAIR,

*Plaintiff-Appellant*,

v.

MICHELLE NICOLE FRENCHKO,

*Defendant-Appellee*.

On appeal from the United States District Court
for the Northern District of Ohio,
Eastern Division
Case No. 4:22-CV-01192

BRIEF OF APPELLEE MICHELLE NICOLE FRENCHKO

Michael P. Quinlan (0066718)
Kenneth E. Smith (0090761)
Adam R. Uth (0097173)
MANSOUR GAVIN LPA
North Point Tower
1001 Lakeside Avenue, Suite 1400
Cleveland, Ohio 44114
Phone (216) 523-1500; Fax (216) 523-1705
*Counsel for Defendant-Appellee
Michelle Frenchko*

# **TABLE OF CONTENTS**

                                                                  Page

TABLE OF CONTENTS ................................................................................... ii

TABLE OF AUTHORITIES ............................................................................. iii

STATEMENT OF THE ISSUE(S) .................................................................... iiv

STATEMENT OF THE CASE ............................................................................1

     **I.**     **Introduction** ........................................................................1

     **II.**    **Statement of the Facts** ........................................................1

     **III.**   **Procedural History** .............................................................2

SUMMARY OF THE ARGUMENT ...................................................................4

ARGUMENT .......................................................................................................5

     **I.**     **Blair has waived any argument for individual liability by not asserting it in her Brief.** ...................................................5

     **II.**    **Blair also waived any argument for individual liability by not asserting it to the trial court.** ............................................6

CONCLUSION .....................................................................................................7

CERTIFICATE OF COMPLIANCE ....................................................................8

CERTIFICATE OF SERVICE .............................................................................9

ADDENDUM .....................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Indeck Energy Servs. v. Consumers Energy*, 250 F.3d 972, 979 (6th Cir. 2000)......5

*Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007).....................5

*Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002)........................................................................................................................6

*Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010)...........................................6

*United States v. Jones*, 81 F.4th 591, 600 (6th Cir. 2023).........................................6

**Statutes**
Fed. R. App. P 28(5) ...............................................................................................5

# STATEMENT OF THE ISSUE(S)

**1.** Whether Appellant waived any claim against Appellee Frenchko by disclaiming any such claim in her Brief in this appeal.

**2.** Whether Appellant waived any claim against Appellee Frenchko by repeatedly disclaiming any such claim in the trial court proceedings.

# STATEMENT OF THE CASE

## I.  Introduction

Plaintiff-Appellant Lisa Blair ("Blair"), an assistant clerk employed by the Board of Trumbull County Commissioners ("Board"), has asserted a Title VII claim against the Board and against Defendant-Appellee Michelle Nicole Frenchko ("Frenchko") in her official capacity as a Trumbull County Commissioner.  Both in the trial court, and in this appeal, Blair has acknowledged that she does not assert any Title VII claim against Frenchko as an individual.

## II.  Statement of the Facts

Blair asserts a claim for discrimination under Title VII, and claims for defamation and intentional infliction of emotional distress. (Amended Complaint RE 24, Page ID ## 208-210, ¶¶ 27-46.)  Blair asserted the claims against Frenchko, who is a Trumbull County Commissioner, and the Trumbull County Commissioners as a group.  (*Id*. at Page ID ## 204 and 205, ¶¶ 2, 3, 10 and generally.)  Blair based her claims on alleged comments made and actions taken by Frenchko in her role as a County Commissioner.  (*Id.* at Page ID ## 205-208, ¶¶ 10-26.)  She stated that "Frenchko, in her capacity as a Trumbull County Commissioner, made many comments and took actions which demonstrated blatant bigotry towards people of Italian descent in violation of Title VII of the Civil Rights Act of 1964." (*Id*. at Page ID # 208 ¶ 28.)  Blair incorporated this allegation into her other claims as well.  (*Id.*

at Page ID # 209 ¶¶ 38 and 42.) Blair did not make any allegations concerning any conduct by Frenchko in private life. (*Id.* generally.) Blair identified the business address of the Trumbull County Commissioners, not Frenchko's residential address, in the caption of the Complaint. (*Id*. at caption.)

## III. Procedural History

Blair filed her original Complaint on July 6, 2022. (Complaint, RE 1, Page ID ## 1-7.) Blair identified Frenchko and the Board as parties. (*Id*. at Page ID ## 1-2, ¶¶ 2-3).

After Blair filed her original Complaint, Frenchko and the Board moved for judgment on the pleadings as to any claim against Frenchko in her personal capacity. (Defendants' Motion for Judgment on the Pleadings, Doc. # 7, pp. 5-6.) While Blair opposed other aspects of the motion, she acknowledged that "Title VII does not confer "individual liability" on a person[.]" (Plaintiff's Brief in Opposition to Defendants' Motion for Judgment on the Pleadings, Doc. # 12, p. 5.) She asked that her claim against Frenchko not be dismissed because her Title VII claim was "against the Commissioners, which include Commissioner Frenchko in her official capacity." (*Id.*) The trial court noted that Blair conceded that she cannot maintain a claim against Frenchko individually and granted the motion "to the extent that the complaint alleges any claim in Count 1 against Commissioner Frenchko in her individual capacity[.]" (Order of January 9, 2023, Doc. # 15, p. 3.) The court further

determined that any claim against Frenchko in her official capacity was duplicative of the claim against the Board, but permitted the duplication because it was not prejudicial. (*Id*.)

Blair filed an Amended Complaint on March 9, 2023 ("Amended Complaint"). (Plaintiff's First Amended Complaint, Doc. # 24.) The Amended Complaint contains the same allegations as the original Complaint, along with three additional paragraphs concerning testimony in a different case involving Frenchko. (*compare Id*. at Page ID 207-208, ¶¶ 24-26, and generally; *with* Complaint, RE 1.)

Frenchko and the Board again moved for judgment on the pleadings. (Defendants' Motion for Judgment on the Pleadings, RE 31.) Again, they contended that Frenchko could not be individually liable under Title VII. (*Id*. at Page ID #: 232 and 235-236.) Frenchko and the Board also described the inadequacy of Blair's allegations in support of her Title VII claim, and those for defamation and IIED. (*Id.* at Page ID ## 236-246.)

In response, Blair did not argue that she was asserting, or could assert, any federal claim against Frenchko in her individual capacity. Rather, she stated that she had "conceded to the individual claim[.]" (Plaintiff's Brief in Opposition to Defendants' Motion for Judgment on the Pleadings, RE 45, Page ID ## 302.) Blair did not even argue that she was asserting her defamation or IIED claims against Frenchko individually. (*Id.* at Page ID ## 304-309.)

3

The trial court noted that it had already ruled that Frenchko could not be held individually liable under Title VII. (Order and Decision, RE 51, Page ID ## 332-333.) It further held that the Board could not be liable under Title VII either because Frenchko was not the Board's agent. (*Id*. at Page ID ## 333-334.) Because federal jurisdiction depended on the federal question presented by Blair's Title VII claim, the trial court dismissed the case for lack of subject matter jurisdiction. (*Id.* at Page ID # 334.) The trial court declined to address Blair's state law claims for defamation and IIED, and dismissed them without prejudice. (*Id*. at Page ID ## 334-335.)

In her Brief to this Court, Blair has not asserted that the trial court erred by dismissing any claim Blair may have made against Frenchko as an individual. In the sole issue she presents for review, she asks this court to determine whether the Board can be "held responsible for the actions taken by Nicole Frenchko in her official capacity as a Commissioner of Trumbull County." (Principal Brief of Appellant Lisa DeNunzio Blair ("Appellant's Brief"), Document 25, Page 4.) In the body of her Brief, she "acknowledges the fact that because Frenchko is an official, she cannot be held individually liable[.]" (*Id*. at Page 12.)

**SUMMARY OF THE ARGUMENT**

Blair has waived any claim against Frenchko as an individual which Blair may have asserted in this case. She has acknowledged both to this court, and to the trial court, that she does not, and cannot, hold Frenchko individually liable under Title

4

VII. Moreover, it is clear that Blair cannot state a claim under Title VII against Frenchko as an individual. Accordingly, this Court should affirm the district court's determination that Frenchko cannot be held personally liable.

## ARGUMENT

### I. Blair has waived any argument for individual liability by not asserting it in her Brief.

Under Fed. R. App. P 28(5), the appellant must include "a statement of the issues presented for review" in her brief. The appellant's brief must also include "appellant's contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies[.]"

When the appellant fails to adequately present an issue or argument in her initial brief, she waives that issue or argument. Even if the appellant raises an argument, she waives it if she addresses it in a perfunctory manner without developing it. *Langley v. DaimlerChrysler Corp.*, 502 F.3d 475, 483 (6th Cir. 2007) quoting *Indeck Energy Servs. v. Consumers Energy*, 250 F.3d 972, 979 (6th Cir. 2000). Moreover, this court has "consistently held . . . that arguments made to us for the first time in a reply brief are waived." *United States v. Jones*, 81 F.4th 591, 600 (6th Cir. 2023) fn. 6 quoting *Sanborn v. Parker*, 629 F.3d 554, 579 (6th Cir. 2010).

Here, Blair does not challenge the trial court's determination that Frenchko cannot be held personally liable under Title VII. Blair asserts only one issue to this

4872-7466-4590, v. 3

court – whether the trial court erred by finding that the Board cannot be liable. (Appellant's Brief, Document 25, Page 4.) Moreover, she not only failed to include argumentation supporting any claim that Frenchko could be found personally liable, she explicitly rejected any such claim by acknowledging "the fact that because Frenchko is an official, she cannot be held individually liable[.]" (*Id*. at page 12.)

**II.     Blair also waived any argument for individual liability by not asserting it to the trial court.**

This court has stated that "It is well-settled that this [C]ourt will not consider arguments raised for the first time on appeal unless [the] failure to consider the issue will result in a plain miscarriage of justice." *Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 430 (6th Cir. 2016) quoting *Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002).

Here, Blair not only waived any argument for personal liability, she positively disclaimed any such argument. In opposing the motion to dismiss Blair confirmed that she had "conceded to the individual claim[.]" (Plaintiff's Brief in Opposition to Defendants' Motion for Judgment on the Pleadings, RE 45, Page ID ## 302.)

Given Blair's explicit denial that she was, or even could, assert a valid claim against Frenchko personally, this Court would not cause a "plain miscarriage of justice" by declining to raise the issue on Blair's behalf. *See Haines* at 430 quoting *Overstreet* at 578. Any injustice would be against Frenchko, who did not need to argue a point conceded by Blair.

6

## CONCLUSION

For each of the foregoing reasons, Appellee Michelle Nicole Frenchko respectfully requests that this Honorable Court affirm the dismissal of any claim against Michelle Nicole Frenchko as an individual by the U.S. District Court, Northern District of Ohio.

Respectfully submitted,

/s/ Kenneth E. Smith
Michael P. Quinlan (0066718)
Kenneth E. Smith (0090761)
Adam R. Uth (0097173)
MANSOUR GAVIN LPA
North Point Tower
1001 Lakeside Avenue, Suite 1400
Cleveland, OH 44114
P: (216) 523-1500
F: (216) 523-1705
ksmith@mggmlpa.com
auth@mggmlpa.com

*Counsel for Defendant-Appellee*
*Michelle Frenchko*

# CERTIFICATE OF COMPLIANCE

1. The undersigned certifies that this brief complies with the word count limitation in Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure. According to the software utilized by counsel, this Brief contains approximately 2,198 words, inclusive of the footnotes, between the Statement of Issues and the Conclusion.

2. The undersigned further certifies that this Brief complies with the typeface requirements of Rule 32(a)(5) and the type style requirements of Rule 32(a)(6) of the Federal Rules of Appellate Procedure, as this brief has been prepared in Microsoft Word using a proportionally spaced typeface (14-point Times New Roman).

Dated: 11/17/2023

Respectfully submitted,

/s/ Kenneth E. Smith
Michael P. Quinlan (0066718)
Kenneth E. Smith (0090761)
Adam R. Uth (0097173)
MANSOUR GAVIN LPA

*Counsel for Defendant-Appellee*
*Michelle Frenchko*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2023 a copy of the foregoing document was filed electronically with the Clerk of Courts using the CM/ECF system. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's CM/ECF system.

Dated: 11/17/2023

                                          Respectfully submitted,

                                          /s/ Kenneth E. Smith
                                          Michael P. Quinlan (0066718)
                                          Kenneth E. Smith (0090761)
                                          Adam R. Uth (0097173)
                                          MANSOUR GAVIN LPA

                                          *Counsel for Defendant-Appellee*
                                          *Michelle Frenchko*

# ADDENDUM

| Record Entry Number | Descript of Document (with docket entry number and page ID #s for attachments, unless sealed) | Date Filed | Page ID Range (unless sealed) |
|---|---|---|---|
| 1 | Complaint | 7/6/2022 | 1-7 |
| 24 | Amended Complaint | 3/9/2023 | 208-210 |
| 31 | Defendant's Motion for Judgment on the Pleadings | 4/6/2023 | 232-246 |
| 45 | Brief in Opposition to Defendant's Motion for Judgment on the Pleadings | 5/22/2023 | 302 |
| 51 | Order and Decision | 6/28/2023 | 332-333 |

4872-7466-4590, v. 3