Case No. 23-3609

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

## Lisa Blair

*Plaintiff-Appellant*

v.

## Michelle Frenchko, et al.

*Defendants-Appellees*

Appeal From United States District Court for the Northern District of Ohio,
Eastern Division Case No. 4:22 CV 01192
(Judge Adams)

## APPELLEE'S BRIEF FOR THE TRUMBULL COUNTY BOARD OF COMMISSIONERS

s/ Daniel T. Downey
Daniel T. Downey (0063753)
Helen K. Sudhoff (0101259)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP**
7775 Walton Parkway, Suite 200
New Albany, Ohio 43054
(614) 221-1216 - Telephone
(614) 221-8769 - Facsimile
ddowney@fisheldowney.com
hsudhoff@fisheldowney.com
*Attorneys for Defendant-Appellee*
*The Trumbull County Board of*
*Commissioners*

## DISCLOSURE OF CORPORATE AFFILIATIONS
## AND FINANCIAL INTERESTS

Pursuant to 6 Cir. R. 26.1, Appellee states they have no disclosures to make concerning publicly owned corporations' financial interests or participation as a party in this action.

Respectfully submitted,

s/ Daniel T. Downey
Daniel T. Downey (0063753)
Helen K. Sudhoff (0101259)
**FISHEL DOWNEY ALBRECHT &
RIEPENHOFF LLP**
7775 Walton Parkway, Suite 200
New Albany, Ohio 43054
(614) 221-1216 - Telephone
(614) 221-8769 - Facsimile
ddowney@fisheldowney.com
hsudhoff@fisheldowney.com
*Attorneys for Defendant-Appellee the
Trumbull County Board of Commissioners*

# TABLE OF CONTENTS

DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTERESTS.............................................................................................. i

TABLE OF CONTENTS......................................................................... ii

TABLE OF AUTHORITIES ................................................................... iii

STATEMENT IN SUPPORT OF ORAL ARGUMENT .........................................1

JURISDICTIONAL STATEMENT .........................................................1

STATEMENT OF THE ISSUES PRESENTED.......................................................2

INTRODUCTION ........................................................................3

STATEMENT OF THE CASE...........................................................3

SUMMARY OF THE ARGUMENT ...................................................6

STANDARD OF REVIEW ..............................................................7

ARGUMENT ..................................................................................8

I.      Plaintiff-Appellant Fails to State a Viable Discrimination Claim Against the Trumbull County Board of Commissioners..............................10

II.     In Addition to Failing to Identify an Adverse Employment Action, the Appellee's Are not Vicariously Liable for the Non-Material Alleged Actions of a Single Commissioner. .................................................13

III.    The District Court Did Not Foreclose All Avenues of Liability, the Lower Court Merely Denied Plaintiff-Appellant's Discrimination Claim.................................................................................19

CONCLUSION................................................................................20

CERTIFICATE OF COMPLIANCE..................................................22

CERTIFICATE OF SERVICE ......................................................23

ADDENDUM ...............................................................................24

DESIGNATION OF RELEVANT DOCUMENTS ...............................24

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Bacon v. Honda of America Mfg., Inc.*, 370 F.3d 565, 572 (6th Cir. 2004)............11

*Brown v. Crowley*, 312 F.3d 782, 801 (6th Cir. 2002) ............................................12

*Bushong v. Del. City Sch. Dist.*, 851 F. App'x 541, 543 (6th Cir. 2021) .................7

*Carmichael v. City of Cleveland*, 571 F. App'x 426, 430 (6th Cir. 2014) ..............12

*Craig-Wood v. Time Warner NY Cable LLC*, 2012 U.S. Dist. LEXIS 128039
  (S.D. Ohio, 2012)..................................................................................................16

*Dawson v. Airtouch Cellula*r, 42 F.Supp.2d 767, 771 (S.D. Ohio 1999)................16

*Kauffman v. Allied Signal, Inc., Autolite Div.*, 970 F.2d 178 (6th Cir. 1992) .........14

*Leavey v. City of Detroit*, 467 F. App'x 420, 425 (6th Cir. 2012) .................. 16, 17

*McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)..............................11

*Newman v. Fed. Express Corp.*, 266 F.3d 401, 405-06 (6th Cir. 2001).................11

*Okakpu-Mbah v. Postmaster Gen. of the United States*, 2022 U.S. App. LEXIS
  24815 (6th Cir. 2022)............................................................................................18

*Riley v. County of Cook*, 682 F. Supp. 2d 856, 860 (N.D. Ill. 2010)............... 15, 18

*Thomas v. Potter*, 93 F. App'x 686, 688 (6th Cir. 2004)........................................16

*Van Domelen v. Menominee Cnty.*, 935 F. Supp. 918 (W.D. Mich. 1996) ...... 15, 17

*Vance v. Ball State Univ.*, 570 U.S. 421, 424 (2013) .............................................15

*Voltz v. Erie Cnty.*, 617 F. App'x 417, 424 (6th Cir. 2015).....................................15

*Weems v. City of Columbus*, 2006 U.S. Dist. LEXIS 65204 (S.D. Ohio
  Sep. 13, 2006) .............................................................................................. 14, 16

*Woodson v. Holiday Inn Express*, 2018 U.S. App. LEXIS 28272
  (6th Cir., 2018)........................................................................................ 4, 8, 10

*Wurzelbacher v. Jones-Kelley*, 675 F.3d 580 (6th Cir. 2012) .......................... 11, 19

**Statutes**

R.C. 3.08 .......................................................................................17

**Other Authorities**

1990 Ohio Op. Att'y Gen. No. 90-028 (Apr. 11, 1990) ..........................................17

## STATEMENT IN SUPPORT OF ORAL ARGUMENT

In accordance with FRAP 34(a)(1) and 6 Cir. R. 34(a), Appellee Trumbull County Board of Commissioners requests the opportunity to be heard at oral argument. Appellee believes oral argument will help to narrow the pertinent facts and explain the application of relevant law to the specific set of circumstances at hand.

## JURISDICTIONAL STATEMENT

Appellee does not dispute that the District Court entered a final judgment into which all prior, interlocutory rulings and orders are merged, and this Court has jurisdiction over Plaintiff-Appellant's appeal from the District Court's final judgment.

## <u>STATEMENT OF THE ISSUES PRESENTED</u>

The two issues to be considered in this appeal are the following:

(1)    Whether the District Court appropriately dismissed Plaintiff-Appellant's discrimination claim since there is no dispute that she did not face an adverse employment action.

(2)    Whether the Trumbull County Board of Commissioners can be subject to vicarious liability for the alleged acts of one commissioner which do not materially impact the actions of the Board of Commissioners as a whole.

## INTRODUCTION

The lower court correctly ruled that under the facts as alleged by Plaintiff-Appellant, there can be no liability under Title VII attributable to the Trumbull County Board of Commissioners. The lower court reached this holding for two independently sufficient reasons; first, Plaintiff-Appellant did not face an adverse employment action by the Trumbull County Board of Commissioners, and second, the Trumbull County Board of Commissioners is not vicariously liable for the actions of a single commissioner under these circumstances. Both reasons support upholding the dismissal of Plaintiff-Appellant's discrimination claim because she was promoted to the position of permanent assistant clerk despite the vote of a single commissioner. The alleged bias of one commissioner did not influence or impact the Trumbull County Board of Commissioners. The Trumbull County Board of Commissioners lacks the requisite employment relationship with Ms. Frenchko in this instance to be vicariously liable for her conduct. For these reasons, this Court should similarly affirm judgment on the pleadings in favor of Defendant-Appellee, the Trumbull County Board of Commissioners.

## STATEMENT OF THE CASE

Plaintiff-Appellant, Lisa Blair, brought suit against her current employer, the Trumbull County Board of Commissioners, and one commissioner, Ms. Frenchko in the Northern District Court of Ohio. Appellant began working for the Trumbull

County Board of Commissioners in November 2018. (Pl. Amend. Cmpl., Doc. 24, PageID#205). There was an opening for a position as the permanent assistant clerk. (Id. at PageID#206). Ms. Frenchko previously instructed Appellant to apply for the promotion to permanent assistant clerk. (Id.). However, when it came time to vote, Ms. Frenchko voted "no" on Appellant's application. (Id.). Plaintiff-Appellant claims that Ms. Frenchko voted no due to anti Italian American bias. (Id.). For the purposes of the motion for judgment on the pleadings, this allegation is taken as true. *See Woodson v. Holiday Inn Express*, 2018 U.S. App. LEXIS 28272, at *4 (6th Cir., 2018).

Although Ms. Frenchko voted no on Plaintiff-Appellant's application, there is no allegation that this single no vote materially influenced any action by the Trumbull County Board of Commissioners. (*See* id.). In other words, Plaintiff-Appellant does not allege her application for permanent assistant clerk was denied; she received the promotion she applied for. (*See* id.). This is because the Defendant-Appellee, the Trumbull County Board of Commissioners, can only act by majority vote and there is no allegation that the Board of Commisssioners, as a whole, denied Appellant's application.

Based upon the above-described facts, Plaintiff-Appellant brought three causes of action: (1) a cause of action for discrimination against the Trumbull County Board of Commissioners and Ms. Frenchko under Title VII, (2) a state law cause of

action for defamation against Ms. Frenchko, and (3) a state law cause of action for intentional infliction of emotional distress against Ms. Frenchko. (Pl. Amend. Cmpl., Doc. 24, PageID#208-210; Appellant Brief, Doc. 25, pg. 7). The Trumbull County Board of Commissioners filed a Motion for Judgment on the Pleadings on April 6, 2023. (Def. MJOP, Doc. 31, PageID#232). Plaintiff-Appellant filed her Opposition on May 22, 2023 and the Trumbull County Board of Commissioners filed their Reply on May 30, 2023. (Pl. Opp., Doc. 45, PageID#299; Def. Reply, Doc. 46, PageID#310).

After the matter was fully briefed, Judge Adams ruled that the Trumbull County Board of Commissioners were entitled to judgment on the pleadings for Plaintiff-Appellant's discrimination claim. (Order, Doc. 51, PageID#332-335). The District Court expressly held that "[w]hile The Board appears to generically qualify as an employer under Title VII, the alleged actions of Frenchko are not the actions of the Board as a body, which may only act by majority vote. Plaintiff has not alleged that she has suffered any discrimination as the result of an act of the Board as a whole, nor has she alleged any conduct of Frenchko that has sufficiently influenced the Board in any meaningful manner." (Id.).

As the discrimination claim was the only federal claim in the Amended Complaint, the District Court determined that they lacked subject matter jurisdiction over the remaining state law claims for defamation and intentional infliction of

emotional distress against Ms. Frenchko. (Id.). The District Court dismissed the remaining state law claims without prejudice. (Id.).

Plaintiff-Appellant is now appealing the judgment on the pleadings granted to Defendant-Appellee with respect to her discrimination claim. (Appellant Brief, Doc. 25, pg. 9). Appellant does not dispute that Ms. Frenchko's singular vote did not materially influence any employment action taken by the Trumbull County Board of Commissioners. (*See generally*, Appellant Brief). Instead, she generally argues that the Trumbull County Board of Commissioners should be liable for the "actions" generally of Ms. Frenchko because Ms. Frenchko is one of three commissioners on the Trumbull County Board of Commissioners. (Id.).

## SUMMARY OF THE ARGUMENT

The District Court correctly dismissed Plaintiff-Appellant's Title VII discrimination claim against the Defendant-Appellee, the Trumbull County Board of Commissioners, because the Appellee did not take any adverse action against Appellant. Rather, a single commissioner voted no on Appellant's application for a promotion. Appellant claims this no vote was due to the single commissioner's alleged anti Italian American bias, but regardless of the validity of this allegation, Appellant does not allege this alleged bias materially influenced any action taken by the Trumbull County Board of Commissioners which can only act by majority vote. In other words, Appellant does not claim she was actually denied a promotion nor

does she claim she otherwise suffered any adverse employment action by the Trumbull County Board of Commissioners. Moreover, the Trumbull County Board of Commissioners is not vicariously liable for the actions of a single commissioner under these circumstances. Vicarious liability imposes liability on an employer for the unlawful acts of a supervisor who is empowered by that employer to take tangible employment actions against an employee; but here, no tangible employment actions against were taken against Appellant.

Since the District Court dismissed Appellant's discrimination claim, which was her only federal law claim, the lower court dismissed the remaining state law claims for lack of jurisdiction. Notably, the lower court did not foreclose all potential avenues of liability, as seemingly argued by Appellant. Rather, the lower court correctly ruled there can be no liability attributable to the Trumbull County Board of Commissioners for Appellant's discrimination claim pursuant to Title VII. For these reasons, this Court should affirm the District Court's grant of judgment on the pleadings to Appellee the Trumbull County Board of Commissioners.

## **STANDARD OF REVIEW**

A grant of judgment on the pleadings is subject to de novo review. *Bushong v. Del. City Sch. Dist.*, 851 F. App'x 541, 543 (6th Cir. 2021). The court of appeals will apply the same standard as used to evaluate a motion to dismiss based on Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Id.* For purposes of a motion

for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party are taken as true, and the motion may be granted if the moving party is clearly entitled to judgment. *Id.*; and *see Woodson*, 2018 U.S. App. LEXIS 28272, at *4. Here, the face of Plaintiff's Amended Complaint demonstrates that Defendant-Appellee is clearly entitled to judgment on the pleadings for Appellant's discrimination claim, as Appellant does not allege she experienced any adverse employment action at the hands of Defendant-Appellee.

## ARGUMENT

This Court should affirm the District Court's grant of judgment on the pleadings in favor of Appellee as the face of Plaintiff-Appellant's Amended Complaint demonstrates she lacks any viable discrimination claim. Plaintiff-Appellant paints the District Court's decision as upending "the purpose of Title VII" and "opening a floodgate of legalized discrimination." (Appellant Brief, Doc. 25, pg. 13). In reality, the District Court's decision dismissing Plaintiff-Appellant's Amended Complaint is in line with the longstanding case law denying discrimination claims which lack allegations of adverse employment actions.

Plaintiff-Appellant's Amended Complaint claims one Commissioner, Ms. Frenchko, voted against her application to become a permanent assistant clerk due to alleged anti-Italian American basis. However, and most importantly, Appellant does not allege that the Board of Commissioners as a whole voted against

her application, nor that said application was denied due to the vote of Ms. Frenchko. In other words, there is no allegation that the Trumbull County Board of Commissioners took any adverse action against Plaintiff-Appellant.

The District Court did not hold that a board of commissioners could never face liability under Title VII. (*See* Order, Doc. 51, PageID#333-334). Rather, the District Court appropriately held that under these specific set of circumstances as alleged in Plaintiff-Appellant's Amended Complaint, there can be no liability attributable to the Trumbull County Board of Commissioners. (Id.). The District Court further held that liability under Title VII requires an action by an employer, and while the Board may generically qualify as an employer under Title VII, the alleged actions of Frenchko are not the actions of the Board as a body, who can only act by majority vote. (Id.). In dismissing Plaintiff-Appellant's discrimination claim, her only federal law claim, the District Court dismissed without prejudice the remaining state law claims against Ms. Frenchko. (Id. at PageID#334-335).

The District Court's decision should be affirmed as there is no discrimination claim on this record against the Trumbull County Board of Commissioners. The Trumbull County Board of Commissioners did not deny Plaintiff-Appellant's application to become a permanent assistant clerk, nor did the Trumbull County Board of Commissioners take any other adverse action against Plaintiff-Appellant which could form the basis for a discrimination claim. Moreover, based on the facts

described in Plaintiff-Appellant's Amended Complaint, the Trumbull County Commissioners lack the requisite employment relationship to establish liability under these circumstances. Each of these reasons independently supports judgment on the pleadings in favor of Defendant-Appellees.

## I.    Plaintiff-Appellant Fails to State a Viable Discrimination Claim Against the Trumbull County Board of Commissioners.

Plaintiff-Appellant did not face any adverse employment action at the hands of the Trumbull County Board of Commissioners, necessarily defeating her discrimination claim. Appellant does not dispute that she received the promotion to permanent assistant clerk. Rather, Appellant argues that the Trumbull County Board of Commissioners should generally be liable for all actions and statements made by a single commissioner, Ms. Frenchko. Appellant does not dispute the longstanding case law which requires an adverse employment action to support a discrimination claim. Instead, she asks this Court to modify the prima facie case for discrimination and create a new avenue for liability in the absence of any tangible adverse actions by the employer.

As this Court is familiar, a claim for discrimination under Title VII requires the plaintiff to prove the prima facie case of discrimination.[1] The prima facie case

---

[1] Plaintiff-Appellant's discrimination claim is advanced on a theory of indirect discrimination rather than direct discrimination. As such, the McDonnell Douglas burden shifting framework is applied to Plaintiff-Appellant's discrimination claim. *See Woodson*, 2018 U.S. App. LEXIS 28272, at *4.

of race discrimination is known to be a relatively low bar and requires the plaintiff to prove (1) she was a member of the protected class, (2) she was qualified for her position, (3) she faced an adverse employment action, and (4) she was treated differently than similarly-situated non-protected employees. *See Newman v. Fed. Express Corp.*, 266 F.3d 401, 405-06 (6th Cir. 2001); and *see McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Bacon v. Honda of America Mfg., Inc.*, 370 F.3d 565, 572 (6th Cir. 2004) ("the Court has been cognizant of the difficulties inherent in proving discrimination and therefore set a relatively low bar for establishing a prima facie case"). Once the plaintiff employee alleges a viable prima facie case of discrimination, the burden shifts to the employer to articulate a non-discriminatory reason for the adverse employment action. *Newman*, 266 F.3d at 405-06. Then, the burden shifts back to the employee to demonstrate that the employer's explanation is merely pretext. *Id.*

An "adverse employment action" necessary to state a claim for discrimination includes changes to an employee's employment conditions such as "discharge, demotions, refusal to [hire], nonrenewal of contracts, and failure to promote." *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). At the judgment on the pleadings stage, the plaintiff must plead a plausible claim of discrimination. *See e.g., id.* (dismissing discrimination claim where plaintiff-appellant "failed to allege a sufficient "adverse action""). When a plaintiff's alleged adverse

employment action is "inconsequential, resulting in nothing more than a de minimis injury, the claim is properly dismissed as a matter of law." *Id.* at 584 (internal quotations omitted); and *see Brown v. Crowley*, 312 F.3d 782, 801 (6th Cir. 2002) ("Where, as here, a challenged action has no consequences whatsoever, either immediate or long-term, it ineluctably follows that such an action is 'inconsequential.'").

Moreover, a key principle of litigation generally is that a plaintiff must plead sufficient "factual content that allows the court to draw the reasonable inference that *the defendant* is liable for the misconduct alleged." *Carmichael v. City of Cleveland*, 571 F. App'x 426, 430 (6th Cir. 2014) (emphasis added) (additional citations omitted). However, this is precisely where Plaintiff-Appellant's discrimination claim fails.

Plaintiff-Appellant does not allege she faced any adverse employment action at the hands of the Defendant-Appellee, the Trumbull County Board of Commissioners. She merely alleges that one commissioner voted no on her application to become a permanent assistant clerk. She does not allege this singular no vote materially influenced any actions taken by the Defendant-Appellee, the Trumbull County Board of Commissioners, which can only act by majority vote. In other words, there is no allegation that Plaintiff-Appellant's application to become a permanent assistant clerk was denied.

It appears Appellant misunderstands what constitutes an adverse action necessary to constitute discrimination under Title VII. Even assuming Appellant's allegations that Ms. Frenchko "committed hostile acts of discrimination, ridicule, defamation, and harm to Appellant-Plaintiff" are true, none of Appellant's allegations involve any adverse actions taken by the Appellee, the Trumbull County Board of Commissioners. (Appellant Brief, Doc. 25, pg. 12). Given that Plaintiff-Appellant did not face an adverse employment action by the Trumbull County Board of Commissioners, the District Court held that, under these specific circumstances, the Trumbull County Board of Commissioners were not liable for discrimination under Title VII. Appellant does not offer any legal support which would contradict this holding.

**II.   In Addition to Failing to Identify an Adverse Employment Action, the Appellee's Are not Vicariously Liable for the Non-Material Alleged Actions of a Single Commissioner.**

In addition to holding that Plaintiff-Appellant had not experienced an adverse employment action at the hands of Defendant-Appellee, the lower court further held that in this circumstance the Trumbull County Board of Commissioners cannot be vicariously liable for the actions of a single commissioner which do not impact the Board. Rather than substantively challenging the lower court's holding, Appellant seems to confuse it.

Appellant is correct that employer liability under Title VII is determined based upon agency principles. (Appellant Brief, Doc. 25, pg. 10) (citing *Kauffman v. Allied Signal, Inc., Autolite Div.*, 970 F.2d 178, 183 (6th Cir. 1992)). Generally, political subdivisions can be liable under Title VII. *See generally*, *Weems v. City of Columbus*, 2006 U.S. Dist. LEXIS 65204, at *13 (S.D. Ohio Sep. 13, 2006). However, this is where Appellant seems to get turned around. Just because a political subdivision can be sued under Title VII generally does not mean the requisite employment relationship existed in this case to establish vicarious liability. (*See id.*). This is because the Appellee, the Trumbull County Board of Commissioners, can only act by majority vote and the Board did not take any adverse actions against Appellant.

Appellant's Amended Complaint alleges that "[a]t all times, Frenchko is and was a Trumbull County Commissioner" and that "[a]s an employee of the Trumbull County Commissioner's Office [sic], the Trumbull County Commissioners are vicariously liable for the conduct and behavior of Frenchko" (Pl. Amend. Cmpl., Doc. 24, PageID#205, 209). Beyond Appellant's conclusory allegations of vicarious liability, she offers no material allegations to support this conclusion.

Vicarious liability is a doctrine that imposes liability on an employer for the unlawful acts of a supervisor who is empowered by that employer to take tangible employment actions against an employee. *Vance v. Ball State Univ.*, 570 U.S. 421,

424 (2013). An employee is a "supervisor" for purposes of vicarious liability under Title VII if they are empowered by the employer to take tangible employment actions against the plaintiff. *Voltz v. Erie Cnty.*, 617 F. App'x 417, 424 (6th Cir. 2015). The term "tangible employment actions" refers to a supervisor's ability to "effect a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." *See id.* (quotations omitted).

With this in mind, courts have denied claims under Title VII where the named party lacks any meaningful control over the alleged perpetrator. *See e.g., Van Domelen v. Menominee Cnty.*, 935 F. Supp. 918, 922 (W.D. Mich. 1996) (granting summary judgment to county on Title VII sexual harassment claim because board of commissioners had no real control over independently elected court clerk who allegedly harassed plaintiff); *Riley v. County of Cook*, 682 F. Supp. 2d 856, 860, (N.D. Ill. 2010) ("Nor can the County be vicariously liable for the acts of Dart and his employees under a respondeat superior theory. Because the sheriff is an independently-elected official, he answers directly to the electorate and does not have a master/servant relationship with the county board. Since the County cannot control the actions taken by Dart's office, it cannot be charged with vicarious liability.") (internal citations omitted); and *see Weems*, 2006 U.S. Dist. LEXIS 65204, at *17 ("An employer is vicariously liable for an actionable hostile work

environment created by a supervisor with authority over the plaintiff unless the harassment did not result in a negative tangible employment action for the plaintiff, the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and the employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.").

Courts have also denied Title VII claims where no adverse actions were taken by the employer. *See e.g, Thomas v. Potter*, 93 F. App'x 686, 688 (6th Cir. 2004) ("A decision which is subsequently overturned through internal processes is not an adverse employment action."); and *see Craig-Wood v. Time Warner NY Cable LLC*, 2012 U.S. Dist. LEXIS 128039, at *22 (S.D. Ohio, 2012) ("criticism and disapproval of an employee's actions do not alone constitute an adverse employment action" especially where "plaintiff's job responsibilities, title, and compensation were unaffected[.]"); *Dawson v. Airtouch Cellula*r, 42 F.Supp.2d 767, 771 (S.D. Ohio 1999) (granting summary judgment for the defendant where plaintiff had not alleged that she lost any salary, seniority or benefits, nor received a less distinguished title or fewer responsibilities as a result of alleged discriminatory remarks). This Court in *Leavey v. City of Detroit* said it best, a "bruised ego" is not sufficient to constitute an adverse employment action and that not everything that makes an employee

unhappy is an actionable adverse action. *See Leavey v. City of Detroit*, 467 F. App'x 420, 425 (6th Cir. 2012) (citations omitted).

As stated above, Ms. Frenchko is one of three commissioners. She is not empowered by the Board of Commissioners to act alone or impact any condition of Plaintiff-Appellant's employment alone. The Trumbull County Board of Commissioners can only act by majority vote, meaning Ms. Frenchko acting alone cannot act on behalf of the entire Board of Commissioners nor individually impact Appellant's employment decisions. *See* 1990 Ohio Op. Att'y Gen. No. 90-028 (Apr. 11, 1990) (internal citations omitted) ("It is, however, axiomatic that decisions of a public body in Ohio are by concurrence of a majority. Further, the members of a public body have no power to act individually; they must act as a body.").

Further, Ms. Frenchko has no employment relationship with the Trumbull County Board of Commissioners. Ms. Frenchko was not hired to the Board of Commissioners; she was elected by her constituents. Similarly, Ms. Frenchko cannot be removed from her position by the Board of Commissioners, she can only be removed by a citizen lead initiative or a subsequent election by the public. *See* R.C. 3.08. Given this, the Board lacks any meaningful authority or control over her. *Van Domelen*, 935 F.Supp. at 918, 922, 924 (granting summary judgment to county on Title VII sexual harassment claim because board of commissioners had no real control over independently elected court clerk who allegedly harassed plaintiff); *see*

*also, Riley v. County of Cook*, 682 F. Supp. 2d 856, 860, *9-10 (N.D. Ill. 2010) (evaluating Section 1983 claim) ("Nor can the County be vicariously liable for the acts of Dart and his employees under a respondeat superior theory. Because the sheriff is an independently-elected official, he answers directly to the electorate and does not have a master/servant relationship with the county board. Since the County cannot control the actions taken by Dart's office, it cannot be charged with vicarious liability.") (internal citations omitted). These examples were raised in Defendant-Appellee's Motion for Judgment on the Pleadings, yet Appellant has not disputed any of these holdings. Nevertheless, even when taking Plaintiff-Appellant's allegations that Ms. Frenchko engaged in anti-Italian American bias as true, such alleged actions and statements do not create liability attributable to the Trumbull County Board of Commissioners. *See e.g.*, *Okakpu-Mbah v. Postmaster Gen. of the United States*, 2022 U.S. App. LEXIS 24815, at *17 (6th Cir. 2022) ("actions by nondecisionmakers "cannot alone prove pretext."").

In sum, the Trumbull County Board of Commissioners lacks the requisite employment relationship with Ms. Frenchko to be liable for her alleged conduct in this instance. That is not to say that the Trumbull County Board of Commissioners could never be liable for an action by Ms. Frenchko. Rather, in the circumstances alleged by Appellant, the Trumbull County Board of Commissioners did not take any actions against Appellant. Ms. Frenchko did not impact any tangible conditions

of Appellant's employment, nor did the Trumbull County Board of Commissioners. This is because any alleged actions taken by Ms. Frenchko individually were not taken by the Trumbull County Board of Commissioners as a whole. The Trumbull County Board of Commissioners did not commit any adverse employment action against Appellant, she does not allege she was denied any promotion, despite the vote of a single commissioner. As demonstrated above, the action of a single commissioner is not that of the Board of Commissioners.

## III. The District Court Did Not Foreclose All Avenues of Liability, the Lower Court Merely Denied Plaintiff-Appellant's Discrimination Claim.

Finally, Plaintiff-Appellant asks this Court "What option is left?" if she cannot pursue a discrimination claim against the Trumbull County Board of Commissioners or against Ms. Frenchko. (Appellant Brief, Doc. 25, pg.13). While neither undersigned counsel nor this Court is in a position to give Plaintiff-Appellant legal advice, it is worth noting that Plaintiff-Appellant's remaining state law claims were dismissed without prejudice. (Order, Doc. 51, PageID#334-335). Moreover, since Plaintiff-Appellant did not face an adverse employment action by either the Trumbull County Board of Commissioners, she does not have the "option" of pursuing a discrimination claim, which necessarily requires an adverse employment action. *Wurzelbacher*, 675 F.3d at 583. However, the District Court did not foreclose all "options" Plaintiff-Appellant has to pursue liability for her perceived and alleged claims of wrongdoing. (*See generally*, Order, Doc. 51). The lower court simply held

that Plaintiff-Appellant did not have a viable discrimination claim under Title VII against the Trumbull County Board of Commissioners. This decision was appropriate given that the courts consistently hold a discrimination claim requires an adverse action, which undisputedly did not occur here.

## <u>CONCLUSION</u>

Judgment on the pleadings was properly granted to Defendant-Appellee. Plaintiff-Appellant did not face any adverse employment action attributable to Defendant-Appellee. Because the actions of the Defendant-Appellee were not materially influenced by any alleged racial bias by one commissioner, and because the Board cannot control the singular actions of a commissioner, there is no vicarious liability attributable to the Trumbull County Board of Commissioners for the non-material vote of a single commissioner which did not impact any tangible conditions of Appellant's employment. For these reasons, Appellee respectfully requests that this Court affirm the District Court's grant of judgment on the pleadings in favor of Defendant-Appellee, the Trumbull County Board of Commissioners.

Respectfully submitted,

s/ Daniel T. Downey
Daniel T. Downey (0063753)
Helen K. Sudhoff (0101259)
**FISHEL DOWNEY ALBRECHT &
RIEPENHOFF LLP**
7775 Walton Parkway, Suite 200
New Albany, Ohio 43054
(614) 221-1216 - Telephone

(614) 221-8769 - Facsimile
ddowney@fisheldowney.com
hsudhoff@fisheldowney.com
*Attorneys for Defendant-Appellee*
*The Trumbull County Board of*
*Commissioners*

# CERTIFICATE OF COMPLIANCE

Pursuant to FRAP 32(a)(7) and 6 Cir. R. 32(a) and (b), counsel for Appellee

certifies the following:

1.      This brief complies with FRAP 32(a)(7)(B) by not exceeding 13,000 words. This brief contains 5203 words calculated by Microsoft Word.

2.      This brief complies with FRAP 32(a)(5) because it has been prepared in a proportionally spaced typeface font using Word format in 14-point Times New Roman font.

Respectfully submitted,

s/ Daniel T. Downey
Daniel T. Downey (0063753)
**FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP**
*Attorney for Defendant-Appellee*
*The Trumbull County Board of Commissioners*

<u>**CERTIFICATE OF SERVICE**</u>

      The undersigned hereby certifies that the foregoing **APPELLEE'S BRIEF** was served electronically through this Court's electronic service system upon all parties and/or counsel of record on this 30th day of November 2023. Notice of this filing has been sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing system through the Court's system.

                    Respectfully submitted,

                    s/ Daniel T. Downey
                    Daniel T. Downey (0063753)
                    **FISHEL DOWNEY ALBRECHT & RIEPENHOFF LLP**
                    *Attorney for Defendant-Appellee*
                    *The Trumbull County Board of Commissioners*

**ADDENDUM**

**DESIGNATION OF RELEVANT DOCUMENTS**

Appellee designates, under 6 Cir. R. 30(g), the following documents from the electronic records of both the District Court and this Court:

*Lisa Blair v. Michelle Frenchko, et al.,* **Case No. 4:22-cv-01192-JRA**

| RE NO. | TITLE DESCRIPTION | PAGEID# | DATE FILED |
|---|---|---|---|
| 24 | Amended Complaint | 205-206, 208-210 | 03/09/23 |
| 31 | Defendants' Motion for Judgment on the Pleadings | 232 | 04/06/2023 |
| 45 | Plaintiff's Opposition to Defendants' Motion for Judgment on the Pleadings | 299 | 05/22/2023 |
| 46 | Defendant Trumbull County Board of Commissioners' Reply in Support of Motion for Judgment on the Pleadings | 310 | 05/30/2023 |
| 47 | Defendant Michelle Frenchko's Reply in Support of Motion for Judgment on the Pleadings | 332-335 | 06/05/2023 |
| 51 | Opinion and Order | 333-335 | 06/28/2023 |

*Lisa Blair v. Michelle Frenchko, et al.,* **Case No. 23-3609**

| DOC. NO. | TITLE DESCRIPTION | PAGE(S) | DATE FILED |
|---|---|---|---|
| 25 | Appellant's Brief | 1-16 | 10/18/2023 |