No. 23-3609

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

LISA BLAIR

*Plaintiff-Appellant*

v.

MICHELLE FRENCHKO, et al.

*Defendants-Appellees*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
CASE NO. 4:22-CV-01192

**REPLY BRIEF OF APPELLANT
LISA DeNUNZIO BLAIR**

Dennis R. Fogarty (Ohio #0055563)
Ryan J. Kun (Ohio #0102526)
**DAVIS & YOUNG**
35000 Chardon Rd., Suite 100
Willoughby Hills, OH 44094
Telephone: (216) 348-1700
Facsimile: (216) 621-0602
Email: dfogarty@davisyoung.com
rkun@davisyoung.com
Counsel for Appellant

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................... ii

TABLE OF AUTHORITIES ............................................................................ iii

REPLY TO APPELLEES' BRIEF ......................................................................1

CONCLUSION ..................................................................................................7

CERTIFICATE OF COMPLIANCE ..................................................................8

CERTIFICATE OF SERVICE ............................................................................9

ADDENDUM ...................................................................................................10

# TABLE OF AUTHORITIES

**Cases**                                                                                                   **Pages(s)**

*Strickland v. City of Detroit*, 995 F.3d 495, 503......................................................1

*Desouza v. Off. of Child. & Fam. Servs.*, No. 18CV2463PKCSMG, 2019 WL 2477796, at *3 (E.D.N.Y. June 12, 2019) ............................................................ 1-3

*Harvey v. Blake,* 913 F.2d 226, 228 (5th Cir.1990)..................................................6

*Conant v. Delaware Cnty. Bd. of Cnty. Comm'rs*, No. 2:10-CV-221, 2011 WL 4383444, (S.D. Ohio Sept. 19, 2011).......................................................6

*Clanton v. Orleans Par. Sch. Bd.,* 649 F.2d 1084, 1094 (5th Cir. 1981) ...................6

# REPLY TO APPELLEES' BRIEF

## I. Appellant-Plaintiff Blair states a viable claim for discrimination by Appellee-Defendant Trumbull County Commissioners.

In its first argument, Appellee-Defendant Trumbull County Board of Commissioners (hereinafter the "Commissioners") argues that Appellant-Plaintiff Blair (hereinafter "Blair") fails to plead a viable claim for discrimination under Title VII because she fails to state that a tangible adverse employment action was made against her. However, the Commissioners seem to conflate the elements for disparate employment action and hostile work environment.

To establish a claim for hostile work environment, a plaintiff must show that (1) he belongs to a protected group; (2) he was subject to unwelcome harassment; (3) that harassment was based on race; (4) the harassment was sufficiently severe or pervasive to alter the conditions of his employment; and (5) the employer knew or should have known about the harassment and failed to take appropriate remedial action. *Strickland v. City of Detroit*, 995 F.3d 495 (6th Cir. 2021). None of the elements for hostile work environment require the showing of adverse employment action. Rather, that is an element for disparate treatment. Disparate treatment and hostile work environment are both claims for discrimination; however, they are distinct claims with their own elements. The case of *Desouza v. Off. of Child. & Fam. Servs.*, No. 18CV2463PKCSMG, 2019 WL 2477796 (E.D.N.Y. June 12, 2019) further explains the difference between the two claims.

In *Desouza*, the plaintiff filed a Title VII claim for discrimination against the defendant for (1) sexual harassment, (2) hostile work environment, (3) gender discrimination and harassment, and (4) retaliation. *Id.* at *3. The defendant then filed a motion to dismiss the plaintiff's claims on the basis that she failed to plead an adverse employment action for her claim of gender discrimination and harassment. *Id.* The defendant characterized this claim as a disparate treatment claim and argued that the claim should be dismissed because the plaintiff never alleged that the defendant took an adverse employment action against her based off of her gender. *Id.* at *3-4. However, the court determined that the defendant in that case (as Defendant is attempting to do in this case) was combining the cause of action for hostile work environment with that of disparate treatment:

> Though claims challenging disparate treatment, *quid pro quo* sexual harassment, and hostile work environment are all claims of gender discrimination, they are distinct causes of action governed by different analytical standards. For example, to state a claim of gender discrimination based on *quid pro quo* sexual harassment, a plaintiff must allege that her employer took "a tangible employment action" because of her "refusal to submit to a supervisor's sexual demands." And to state a claim for a hostile work environment, a plaintiff must plead facts that would tend to show that the complained of conduct: (1) "is objectively severe or pervasive—that is, ... creates an environment that a reasonable person would find hostile or abusive"; (2) creates an environment "that the plaintiff subjectively perceives as hostile or abusive"; and (3) "creates such an environment because of the plaintiff's sex." On the other hand, a gender discrimination claim based on disparate treatment requires a plaintiff to plead facts that would tend to show "that the defendant had a discriminatory intent or motive for taking a job-related action." The differing analytical standards governing each theory of gender discrimination mean that allegations sufficient to establish one claim, *e.g.*, disparate treatment, do not necessarily support an action based on another claim, *e.g.*, hostile work environment.
> …
>
> Plaintiff has improperly conflated the cause of action for hostile work environment with a cause of action for disparate treatment. "Whereas hostile work environment claims consider the 'workplace environment as a whole,' disparate treatment claims require a

2

> tangible, 'discrete harm such as hiring or discharge'… Though Plaintiff has adequately pleaded that Defendants created and maintained a hostile work environment, that is not an adverse action for the purpose of pleading the elements of a disparate treatment claim."

*Id.* at *5.

In the present matter, Blair has sufficiently pled a claim for discrimination through a hostile work environment. In her Amended Complaint, Blair states that Frenchko, through her role as a Commissioner, engaged in conduct against her that was objectively severe and pervasive creating an environment that was hostile and abusive, and said hostility was a result of her ethnicity. (Plaintiff's First Amended Complaint, Doc # 24, Page ID 206.) This is sufficient for a claim of hostile work environment and Blair has pled a viable claim for discrimination.

**II.    The Commissioners are liable for the acts of Commissioner Frenchko.**

In its next argument, the Commissioners address whether the Commissioners can be held liable for the actions of one of its members, Frenchko, when she committed acts of ethnic discrimination against the Commissioners' employee. The Commissioners provide two main arguments as to why the Commissioners cannot be held liable for Frenchko's actions: (1) that Frenchko is not a supervisor of Blair because she is unable to take adverse employment action against her, and (2) that Frenchko is not an employee of the Commissioners and, therefore, the Commissioners cannot be held liable for her actions.

### a. Frenchko on all accounts, is a supervisor of Appellant Blair.

Regarding its claim that Frenchko is not a supervisor toward Blair, the facts completely contradict the Commissioners' argument. In its brief, the Commissioners state that courts have denied claims under Title VII when the named party lacks meaningful control over the perpetrator. To support its argument, the Commissioners state that the sole reason why the Commissioners lack meaningful control over Blair is because Frenchko, as commissioner, cannot act alone in impacting Blair's employment. The Commissioners argument is flawed on multiple levels.

First, the Amended Complaint made by Blair is against the Commissioners as a whole, not solely Frenchko. Blair is employed by the Commissioners and serves the Commissioners. (Plaintiff's First Amended Complaint, Doc # 24, Page ID 205.) Each member of the Commissioners has authority over Blair. As a whole, the Commissioners have the power to materially impact Blair's employment.[1] In this case, the named party, the Commissioners, have meaningful control over the perpetrator, Frenchko. As a result, any arguments that the Commissioners lack control over Blair based solely on Frenchko, individually, are patently false.

---

[1] The Commissioners acknowledge this in their brief. (Appellee Trumbull County Board of Commissioners Appellee Brief, Doc # 29, PageID 22.)

Next, even if the Court were to look at Frenchko, individually as a commissioner, it will find that Frenchko did have power to impact Blair's employment. As stated in the pleadings and in Blair's brief, the Commissioners are made up of a three-member, elected board. (Plaintiff's First Amended Complaint, Doc # 24, Page ID 204, 208.) One of those members is Commissioner Frenchko. (Id.) The members of the board are the superiors of the employees for the Commissioners. The employees follow the orders of the board members. Here, Blair was an employee for the Commissioners and each commissioner was her superior, including Frenchko. Furthermore, by being a commissioner, Frenchko has the ability to impact Blair's employment through her voting power. As stated in the Commissioner's brief, the Commissioners have the ability to affect Blair's employment through majority vote. (Appellee Trumbull County Board of Commissioners Appellee Brief, Doc # 29, PageID 22; Plaintiff's First Amended Complaint, Doc # 24, Page ID 206.) Frenchko, as a member of that board, can cast a vote creating a material effect on Blair's employment. As stated previously, the issue of whether such adverse employment action occurred is immaterial to Blair's allegations. The fact that Frenchko has the ability, through her role as a commissioner, to materially affect Frenchko's employment is sufficient to show that Frenchko and the Commissioners have meaningful control over Blair's employment.

5

### b. Frenchko is an employee for the Commissioners when acting through her official capacity.

In its next argument, the Commissioners claim that Frenchko has no employment relationship with the Commissioners because she was elected, rather than hired from the board. However, as stated in Blair's brief, elected officials are agents toward their government entities and said entities can be held liable for actions by the elected officials in their official capacity. *See Harvey v. Blake,* 913 F.2d 226, 228 (5th Cir.1990) ("Only when a public official is working in an official capacity can that official be said to be an 'agent' of the government."); *Conant v. Delaware Cnty. Bd. of Cnty. Comm'rs*, No. 2:10-CV-221, 2011 WL 4383444, at *7 (S.D. Ohio Sept. 19, 2011) ("suits against an individual in his or her official capacity are the equivalent of suits brought against the governmental entity itself, the Court deems all of the official capacity claims to be claims against the Board."); *Clanton v. Orleans Par. Sch. Bd.,* 649 F.2d 1084, 1094 (5th Cir. 1981) ("The defendants in their official capacities are proper defendants, since they are agents of the Board."). Therefore, under both state and federal law, the Commissioners may be held liable for the actions of Commissioner Frenchko when she discriminated against her employee through her official capacity.[2]

---

[2] The Commissioners also argue that they have provided sufficient case law to support the idea that the Commissioners cannot be held liable for the actions of Commissioner Frenchko, and that Blair has failed to dispute these decisions. However, Blair has provided her own case law supporting the claim that the Commissioners are responsible for Frenchko in her official capacity, and the Commissioners have failed to dispute those decisions.

### III. The decision by the District Court closes all avenues Appellant Blair may pursue for her claims of discrimination under Title VII.

In its last and final argument, the Commissioners state that ruling by the trial court does not close opportunities Blair may take to seek justice for the discrimination and harassment she endured. Specifically, the Commissioners state Blair can seek a state claim against the Commissioners. However, the Commissioners do not address the great injustice and poor public policy the trial court's ruling sets. Title VII was enacted to prevent discriminatory harassment in the workplace. Blair sought justice through Title VII when she suffered from such discrimination. The ruling of the trial court now prevents Blair from seeking a claim under Title VII, and creating a policy where any elected official can discriminate against their employees without repercussions.

### CONCLUSION

For the reasons outlined above and in her Principal Brief, Appellant-Plaintiff respectfully requests the District Court's decision be remanded.

Respectfully submitted,

*/s/ Dennis R. Fogarty*
Dennis R. Fogarty (Ohio #0055563)
Ryan J. Kun (Ohio #0102526)
DAVIS & YOUNG
35000 Chardon Rd., Suite 100
Willoughby Hills, OH 44094
Telephone: (216) 348-1700
Facsimile: (216) 621-0602
Email: dfogarty@davisyoung.com
rkun@davisyoung.com
Counsel for Appellant

# CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 32(a)(7)(C) and Circuit Rule 32-1, I certify that the foregoing Appellant's Reply Brief is proportionately spaced, has a typeface of 14 points or more, and contains 2,197 words, as calculated by the word processing program used to prepare the brief.

Dated: January 2, 2024

By: */s/ Dennis R. Fogarty*
Counsel for Appellant

**CERTIFICATE OF SERVICE**

I hereby certify that I filed the foregoing Appellant's Reply Brief with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system on the 2nd day of January, 2024.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

By: */s/ Dennis R. Fogarty*
Counsel for Appellant

# ADDENDUM

# DESIGNATION OF RELEVANT DOCUMENTS

| Description: | Record # | PageID# |
|---|---|---|
| Plaintiff's Complaint | 1 | 1 |
| Plaintiff's First Amended Complaint | 24 | 205 |
| Defendants' Motion for Judgment on the Pleadings | 31 | 232-246 |
| Plaintiff's Brief in Opposition to Defendants' Motion for Judgment on the Pleadings | 45 | 299-309 |
| Defendants Trumbull County Commissioners Reply Brief in Support of their Motion for Judgment on the Pleadings | 46 | 310-313 |
| Defendant Michelle Nicole Frenchko's Reply Brief in Support of the Motion for Judgment On the Pleadings | 47 | 314-322 |
| Opinion and Order Granting Defendants' Motion for Judgment on the Pleadings | 51 | 331-335 |
| Appellee Trumbull County Board of Commissioner's Brief | 29 | 1-29 |